PER CURIAM:
On the morning of October 4, 1990, claimant was driving his 1979 Chevrolet Chevette on the northbound lane of Route 110 between Elkview and Clendenin, Kanawha County. When he returned later that morning traveling in the southbound lane of Route 119, he noticed rocks in his lane some 200 yards ahead. He testified that he could neither bring his vehicle to a stop nor steer his vehicle around the rocks. The vehicle he was driving went over the rocks and sustained substantial damage to the transmission and to the undercarriage. When questioned by the Court at the hearing as to how fast he was traveling, the claimant could not remember. However, the claimant forwarded a handwritten note dated May 1, 1991, and received on May 3, 1991, stating that he was probably traveling faster than the 25 miles per hour posted speed limit. The claimant was not injured in the accident. The cost to repair the vehicle was estimated at $1,058.41. The claimant testified that the market value of his damaged vehicle was not more than $50.00 to $75.00. He did not have collision or comprehensive insurance. He brought this claim in the amount of $4,100.00 for replacement of the vehicle.
The respondent denies liability for the damage caused by the rocks in the road. An area highways supervisor, Calvert Mitchell, testified that he was familiar with the section of the road where the claimant’s accident occurred. He stated that the described area does experience falling rock, and the area is appropriately marked and designated with “Falling Rock” signs and flashing lights. The speed limit is posted at 25 miles per hour in the area. He further testified that no calls *22 concerning rocks in the road were received immediately before or after the claimant’s accident.
As the state is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the rock fall, it must have had either casual actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). It appears to this Court that the requisite notice was not provided to respondent.
In accordance with the findings of fact and conclusions of law as stated above, the Court is of the opinion to and does deny this claim.
Claim disallowed.